PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
MARK BECKWITH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BECKWITH,<br><br>Plaintiff,<br><br>v.<br><br>TSA STORES, INC. dba SPORTS AUTHORITY; EMERYVILLE RETAIL PROPERTIES, L.P.; AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. C09-04058 CW<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 AND 55; and HEALTH & SAFETY CODE §§ 19955 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff MARK BECKWITH complains of defendants TSA STORES, INC. dba SPORTS AUTHORITY; EMERYVILLE RETAIL PROPERTIES, L.P.; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities, including parking, paths of travel, entrances, interiors, and related facilities, to plaintiff and other disabled persons at TSA STORES, INC. dba

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES                    1                    C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

SPORTS AUTHORITY (hereinafter sometimes the "Store" or "Sports Authority"), and the East Bay Bridge Shopping Center, 3839 Emery Street, Emeryville, California. Plaintiff Mark Beckwith is a person with a disability or "physically handicapped person," due to quadriplegia. Plaintiff requires the use of a motorized wheelchair for mobility and is unable to use portions of public facilities which are not accessible to disabled persons, including those who require the use of a wheelchair. Plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the subject Store, public parking and interior and exterior paths of travel will be provided properly disabled accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §§ 4450 *et seq*.; California Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1 and 55; and Title 24 California Code of Regulations.

3. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES
2
C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

4. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk due to quadriplegia and requires use of a motorized wheelchair to assist him with locomotion. Plaintiff also possesses a disabled parking license issued by the State of California. Defendants TSA STORES, INC. dba SPORTS AUTHORITY; EMERYVILLE RETAIL PROPERTIES, L.P.**;** and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 3839 Emery Street, Emeryville, California. This Store, and its adjacent parking facilities are each a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code § 19955 *et seq.* and of California Civil Code §§ 51 *et seq.* and §§ 54 *et seq.* This Store and shopping center have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.* Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

such true names and capacities when the same have been ascertained.

7. Defendants TSA STORES, INC. dba SPORTS AUTHORITY; EMERYVILLE RETAIL PROPERTIES, L.P.**;** and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building and parking facilities at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants**,** and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Mark Beckwith and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES    4    C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Sports Authority store and the East Bay Bridge Shopping Center, 3839 Emery Street, Emeryville, California, and to the parking facilities and exterior paths of travel in the adjacent parking lot. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject building and to its parking facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq*.

11. **FACTUAL STATEMENT:** On or about January 6, 2009 plaintiff Mark Beckwith traveled to the Sports Authority store at the East Bay Bridge Shopping Center, 3839 Emery Street, Emeryville, California, to shop for boots and clothing. Plaintiff was driven to the shopping center in his disabled licensed van. On information and belief, the parking area was deficient in the number, location and configuration of disabled accessible and van-accessible parking spaces, and lacked proper signage at its entrance. However, after plaintiff's van was parked, plaintiff had no safe and accessible path of travel to the Store located across a vehicular traffic lane from the parking areas because of the lack of proper

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

5

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

1. crosswalks to give disabled mobility impaired persons some modicum of safety in crossing the vehicular lane of traffic to reach the Store. Plaintiff, who uses a motorized wheelchair for mobility due to his multiple disabilities, including but not limited to spinal muscular atrophy, managed to cross the vehicular lane of traffic to the curb cut in front of the Store, despite his emotional fears in reaction to the dangers caused by the lack of a safety crosswalk, and was able to enter the Store.

12. Once inside the Store, plaintiff had difficulty shopping in the men's clothing area because more than two-thirds of the clothing merchandise displays were too close together to allow passage by persons with disabilities who use a wheelchair, walker or other mobility assistive device. The "aisles" between most of the clothing displays were too narrow to allow wheelchair user access. Further, when plaintiff sought assistance from Store employees he was unable to find anyone to provide him assistance. On information and belief, the defendant owners and operators of the Store have failed to properly train their staff in the necessity for and manner of providing necessary assistance to disabled persons, especially those with clearly apparent mobility disabilities, such as plaintiff in his motorized wheelchair. Further, when plaintiff attempted to enter a "changing room" to try on certain clothing items, he found that the "changing rooms" or "dressing rooms" were located so that no accessible path of travel to them was provided, and that the rooms were kept locked. In order for a customer to call for "assistance," defendants had provided a "call" button at an excessively high location - approximately 65" above the floor - which could not be reached by defendant or other disabled persons who used a wheelchair. Although plaintiff could not reach the dressing rooms or open them because they were locked, on information and belief neither the entry to the changing rooms nor their interiors were properly configured for entry or use by plaintiff and other similarly situated disabled persons. Plaintiff was angered and frustrated by his denial of access, all

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES    6    C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

to his damages, as pled hereinbelow.

13. On information and belief, in addition to the above-stated access problems personally encountered by plaintiff, these premises are also inaccessible to physically disabled persons in multiple other respects, including but not limited to the following: insufficient and improperly numbered and configured curb cuts between the parking area and vehicular lane of traffic and the sidewalk; an excessively steep sidewalk leading up to the Store entrance; excessively high cash register counters for disabled use; excessively narrow aisles through the non-clothing sporting goods areas of the Store; excessively narrow aisles through most of the men's and women's clothing areas of the Store, thereby rendering approximately 75% of the clothing unavailable to inspection by disabled persons; and improperly inaccessible paths of travel to the restroom facilities, excessively heavy doors to the restrooms, and excessively high paper towel rack dispensers, soap dispensers and other restroom amenities; all rendering these premises illegally inaccessible to and unuseable by physically disabled persons, including plaintiff. All facilities must be brought into compliance with all applicable federal and state statutory and regulatory requirements. Further, necessary injunctive relief in this case should include training of all Store employees in recognizing and assisting customers with physical disabilities.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES 7
C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use the Store and the adjacent parking facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to return and patronize the Store and use the adjacent parking facilities once legally required access has been provided. Plaintiff has also been deterred from patronage of these facilities by their lack of proper access. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

17. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and

attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code § 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. **TREBLE DAMAGES -** Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew that some of the Restaurant's patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers complained of. On information and belief, defendants failed to remove these barriers even after complaints to defendants' employees by plaintiff and other disabled persons, and have failed to provide properly accessible facilities as required by state and federal law. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES  9  C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

people with physical mobility disabilities attempt to patronize the subject public facilities and encounter illegal barriers when they do so.

20. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have failed and refused to rectify these violations, and presently continue a course of conduct of failure to remove architectural barriers that discriminate against plaintiff and similarly situated disabled persons.

21. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

22. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 21 of this

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -10-

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

Complaint and incorporates them herein.

23. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
> Cal. Civ. C. § 51(b).

24. California Civil Code § 52 provides that the discrimination by defendants against plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

25. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

26. Any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

27. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -11- C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

28. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq.*

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -12- C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 USC §12101.

31. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

32. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any ". . . shopping center, or other sales or rental establishment." § 301(7)(E).

33. The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

<u>§ 302(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -13- C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

34. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards § 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, construction, alterations, structural repairs and/or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -14- C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

§ 303 of the ADA.

35. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

36. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

37. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES -15- C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

hereinafter stated.

## **PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to make appropriate changes in policy and in training of the Store's employees, so as to identify and accommodate the needs of physically disabled persons;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Calif. Civil Code § 3291;

6. Grant such other and further relief as this Court may deem just and proper.

//
//

Dated: January 5, 2010                    LAW OFFICES OF PAUL L. REIN

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES                -16-        C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd

|  |  |
|---|---|
| |   /s/ Paul L. Rein<br>By PAUL L. REIN<br>Attorneys for Plaintiff<br>MARK BECKWITH |

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 5, 2010        LAW OFFICES OF PAUL L. REIN

                                                      /s/ Paul L. Rein<br>
By PAUL L. REIN<br>
Attorneys for Plaintiff<br>
MARK BECKWITH

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES     17

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\FIRST AMENDED COMPLAINT.wpd